McDONALD, J.,
concurring and dissenting.
The Majority Opinion provides a thorough and scholarly discussion of Maryland Code, Insurance Article (“IN”), § 19-511, in the context of these consolidated cases. But I do not join the opinion, as I come to a different conclusion on one of the issues. I agree with the Majority Opinion as to the disposition of the first issue in Woznicki (waiver). I disagree with the Majority Opinion as to the disposition of the second issue common to both cases (required showing of prejudice).
As the Majority Opinion explains, although an insurer may waive compliance with IN § 19-511, Ms. Woznicki did not establish a genuine dispute of material fact to avoid summary judgment on that issue. But neither GEICO nor Erie should *147 be excused from their undertakings to provide under-insured motorist (“UM”) benefits unless they are able to show they were prejudiced by the failure of the insured to obtain the UM insurer’s consent prior to settling for the limits of the at-fault driver’s policy. In reaching a contrary conclusion, the Majority Opinion misinterprets IN § 19-511. Judge Woodward’s dissenting opinion in Morse explains well the prejudice issue, see 217 Md.App. at 33-39, 90 A.3d 512 and I will only briefly summarize it here.
As the Majority Opinion recounts, UM coverage is designed to compensate a victim of an automobile accident when the at-fault driver lacks sufficient insurance to make the victim whole. Majority op. at 109-11, 115 A.3d at 161-63. To facilitate the payment of that compensation to the injured person, the Legislature enacted IN § 19-511 to eliminate the standoffs that had developed between liability insurers and UM insurers and that delayed payment of compensation to victims from either insurer. Majority op. at 110-12, 114-15, 115 A.3d at 162-63, 164-65. The statute does so by requiring the UM insurer to make a prompt choice between (1) paying UM benefits, as well as the amount offered by the at-fault driver’s insurer, but preserving subrogation rights and (2) simply paying UM benefits and forgoing subrogation rights. The statutory consent-to-settle process is essentially a notice that starts the clock ticking for the UM insurer to make that choice. Indeed, the UM insurer’s consent is not a condition for the injured party to obtain compensation. The statute provides for the injured party to obtain compensation from the UM insurer, as well as the liability insurer, even if the UM insurer neglects to make that choice and neither consents nor declines to consent to the settlement. See IN § 19 — 511(e)(2).
The General Assembly, in enacting IN § 19-110,[1] and this Court, in expounding the common law,[2] have both directed *148 that a provision like IN § 19-511 is not a basis on which an insurer may avoid payment unless there is a showing of actual prejudice to the insurer. To come to a contrary conclusion, the Majority Opinion reasons that neither IN § 19-110 nor the common law prejudice rule apply because they are not mentioned in IN § 19-511. Majority op. at 148-44, 115 A.3d at 182. By the same token, however, nothing in IN § 19-511 states that noncompliance results in forfeiture of UM insurance benefits, but the Majority Opinion is willing to read that result into the legislative silence.
Under the Majority Opinion, the UM insurer escapes its obligation to pay UM benefits entirely without any need to show that it suffered any disadvantage from the failure of its insured to obtain a timely consent to the settlement with the liability insurer. This is a windfall to the insurer and a trap for the insured. I would hold, consistent with IN § 19-110 and the common law, that the UM insurer must show prejudice.

. See Sherwood Brands Inc. v. Great American Ins. Co., 418 Md. 300, 310-24, 13 A.3d 1268 (2011).

. See Prince George’s County v. Local Government Ins. Trust, 388 Md. 162, 181-88, 879 A.2d 81 (2005).